■ CHRISTOPHER AGLI, Respondent, v TURNER CONSTRUCTION COMPANY, INC., et al., Respondents, and CHARLIE HALL, Appellant. (And a Third-Party Action.) TURNER CONSTRUCTION COMPANY, INC., et al., Second Third-Party Plaintiffs-Respondents, v LINDEN MOTOR FREIGHT, Second Third-Party Defendant-Appellant. [683 NYS2d 531] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered July 16, 1997, which, insofar as appealed from, denied appellants' cross motion for summary judgment dismissing the complaint, second third-party complaint and all cross claims as against them, unanimously affirmed, without costs.

We reject the argument of appellants' freight company and

its driver that the latter's reliance on the guidance of an employee of a codefendant in backing the truck up into the alley eliminates any issues of fact as to their own failure to exercise due care with respect to the movement of the truck (*see, De Sessa v City of White Plains*, 30 Misc 2d 817, 822; *cf., Wartels v County Asphalt*, 29 NY2d 372, 377), and adhere to the view expressed in our prior decision that appellants' liability cannot be separated from that of the codefendant (246 AD2d 16, 26). The driver made the initial determination from a visual inspection that his truck could clear the net, and whether this determination was erroneous, and, if so, the degree to which it, as well as any failure by the driver to see and hear what was to be seen and heard, contributed to the accident, are issues of fact for a jury. Expert testimony is not required to support plaintiff's theory of negligence against appellants (*cf., Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743). We have considered appellants' remaining arguments and find them to be unpersuasive. Concur—Williams, J. P., Wallach, Andrias and Saxe, JJ.