OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and defendant’s cross motion for summary judgment dismissing the second cause of action granted.
 

 Having sustained some damage to the roof of one of its buildings, defendant sought repair estimates from several contractors, including Edward M. Ziegler Co., plaintiffs employer. Plaintiff, a design engineer who had defendant as one of his accounts, went to defendant’s building for the purpose of inspecting the damage. While he was being shown the damaged area by defendant’s maintenance supervisor, the roof gave way and plaintiff was injured.
 

 Inasmuch as plaintiff’s firm had not been hired to perform any construction work on the premises at the time the accident occurred, plaintiff was not a person "employed” to carry out the repairs as that term is used in section 200 (1), section 240 (1) and section 241 (6) of the Labor Law
 
 (see, Chabot v Baer,
 
 55 NY2d 844,
 
 affg 82
 
 AD2d 928). That plaintiff’s firm had not volunteered, but rather had been invited by defendant to submit an estimate does not alter the status of the firm from that of a potential bidder to that of an employee. Accordingly, plaintiff was not within the class of workers that those statutory provisions were enacted to protect
 
 (see, Mordkofsky v V.C.V. Dev. Corp.,
 
 76 NY2d 573, 576-577), and he
 
 *1110
 
 cannot invoke them as a basis for recovery. Instead, plaintiff is entitled to recover only if he can establish the elements of a traditional negligence cause of action, as pleaded in his first cause of action.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.