■ ERIK LUNDQUIST, Respondent, v DITMAS REALTY Co., Appellant. [646 NYS2d 827] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Garry, J.), dated May 15, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was employed by Support Systems International, Inc. (hereinafter SSI), as an assistant service center manager. On the day that he was injured, the plaintiff was organizing equipment which was being moved into a warehouse SSI leased from the defendant Ditmas Realty Company. Upon learning that his supervisor was going to climb onto the roof to inspect an air conditioning unit, the plaintiff offered to do the job for him. According to his deposition testimony, the plaintiff had no expertise regarding air conditioning units and was merely instructed to determine if the unit was operational. While climbing an extension ladder to the roof, the plaintiff fell and suffered injuries. The plaintiff commenced this action against the defendant in which he asserted causes of action based on Labor Law § 240 (1) and § 241 (6) and common-law negligence.

We conclude that the court erred in denying the defendant's motion for summary judgment. The plaintiff's job, which was simply to visually inspect the air conditioning unit on the roof, did not fall within the enumerated activities covered by Labor Law § 240 (1) and § 241 (6) (*see, e.g., Howe v 1660 Grand Is. Blvd.,* 209 AD2d 934; *Cosentino v Long Is. R. R.,* 201 AD2d 528; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592).

In addition, the defendant established its entitlement to dismissal of the plaintiff's common-law negligence cause of action. To avoid summary judgment, the plaintiff was required to present evidence to show that the defendant had actual or constructive notice of the allegedly defective ladder (*see, e.g., McCague v Walsh Constr.,* 225 AD2d 530; *Santamaria v RRI Realty Corp.,* 149 AD2d 680). The plaintiff failed to present any evidence to refute the deposition testimony of one of the defendant's partners that the ladder on the premises did not belong to the defendant. Even assuming, arguendo, that the ladder belonged to a company hired by the defendant to renovate the inside of the warehouse, the defendant cannot be held liable for its contractor's defective equipment absent a showing that it exercised some control over the manner in which the work was performed (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299; *Edwards v Twenty-Four Twenty-Six Main St. Assocs., supra*). The plaintiff failed to offer any such evidence. Accordingly, we reverse and grant the defendant's motion for summary judgment dismissing the complaint. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.