■ PAUL GREENWOOD et al., Respondents, v SHEARSON, LEHMAN & HUTTON, Defendant and Third-Party Plaintiff-

Respondent. OGDEN ALLIED SERVICES, Third-Party Defendant-Appellant. [656 NYS2d 295] —In an action to recover damages for personal injuries, etc., the third-party defendant, Ogden Allied Services, appeals from so much of an order of the Supreme Court, Kings County (Belen, J.), dated January 16, 1996, as denied its cross motion for summary judgment dismissing the complaint and the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of the third-party defendant, Ogden Allied Services, for summary judgment is granted, and the complaint and the third-party complaint are dismissed.

The plaintiff Paul Greenwood (hereinafter the plaintiff) was employed by the third-party defendant Ogden Allied Services (hereinafter Ogden) as a mechanic for a building located at 388 Greenwich Street, New York. The owner of the building, Shearson, Lehman & Hutton, had engaged Ogden as the maintenance contractor. The plaintiff was injured when he fell from an office desk while searching for the source of a ceiling leak on the 21st floor. The plaintiff and his wife commenced this action asserting causes of action based on Labor Law §§ 200, 240 (1), and § 241 (6) and common-law negligence.

The Supreme Court erred in denying Ogden's cross motion for summary judgment. It is clear that liability under Labor Law § 240 (1) was not meant to apply to routine maintenance in a nonconstruction, nonrenovation context (see, Phillips v City of New York, 228 AD2d 570; Edwards v Twenty-Four Twenty-Six Main St. Assocs., 195 AD2d 592, 593). Here, although certain areas of the building were under construction, the work performed by the plaintiff "was far removed from the risks associated with the construction or demolition of a building" (Manente v Ropost, Inc., 136 AD2d 681, 682).

Additionally, the plaintiffs may not recover under Labor Law § 241 (6). In order to support a claim under this section, a plaintiff must allege a violation of a specific "concrete" provision of the industrial code (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; see, Biszick v Ninnie Constr. Corp., 209 AD2d 661; Gordineer v County of Orange, 205 AD2d 584). In this case, the plaintiffs allege a violation of 12 NYCRR 23-1.5 (a) as well as violations of the Occupational Safety and Health Act (OSHA). 12 NYCRR 23-1.5 is a regulation that relates to general safety standards and, accordingly, will not provide a basis for a claim under Labor Law § 241 (6) (see, Vernieri v Empire Realty Co., 219 AD2d 593, 597; McGrath v Lake Tree Vil. Assocs., 216 AD2d 877; Stairs v State St. Assocs., 206 AD2d

817, 818). Likewise, violations of OSHA standards do not provide a basis for liability under Labor Law § 241 (6) (*see, Vernieri v Empire Realty Co., supra; McGrath v Lake Tree Vil. Assocs., supra; McSweeney v Rochester Gas & Elec. Corp.,* 216 AD2d 878).

Finally, liability cannot attach under Labor Law § 200 or common-law negligence because the plaintiffs failed to offer any evidence that the defendant owner maintained any direction or control over the manner in which the plaintiff performed his work (*see, Lundquist v Ditmas Realty Co.,* 230 AD2d 830; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592, *supra*). Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.