◼ WALFREDO MARTINEZ et al., Appellants, v CITY OF NEW YORK et al., Respondents, and KASELAAN & D'ANGELO, Defendant and Third-Party Plaintiff-Respondent. L.J. GONZER ASSOCIATES, Third-Party Defendant-Respondent. [675 NYS2d 637] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated June 27, 1997, as denied that branch of their motion which was for summary judgment against the defendants City of New York and New York City Board of Education on the issue of liability based upon a violation of Labor Law § 240 (1) and granted the cross motion of the those defendants to dismiss and/or for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Walfredo Martinez, an environmental inspector, suffered injuries while inspecting asbestos at a public school in Queens. In an effort to measure a portion of a pipe extending between the top of a closet and the ceiling, he moved a desk against the closet, climbed onto the desk, held onto the top edge of the closet in an attempt to lift himself further, and fell.

At the time of the accident Martinez was engaged in inspecting and measuring classrooms in order to ascertain the extent of any asbestos damage in preparation for subsequent asbestos removal which, if required, was to be conducted by another

entity. Martinez's inspection job, therefore, was clearly not integral to the job of removing asbestos. In view of the strict liability imposed by Labor Law § 240 (1), "the statutory language must not be strained in order to encompass what the Legislature did not intend to include" (*Karaktin v Gordon Hillside Corp.*, 143 AD2d 637, 638). Because his job was only to inspect, an activity not specifically enumerated in Labor Law § 240 (1), Martinez is not entitled to protection under the statute (*see, Lundquist v Ditmas Realty Co.*, 230 AD2d 830; *see also, Karaktin v Gordon Hillside Corp., supra; Greenwood v Shearson, Lehman & Hutton*, 238 AD2d 311). Rosenblatt, J. P., Friedmann and Krausman, JJ., concur.

Ritter, J., dissents in part and votes to modify the order appealed from, by deleting the provision thereof granting the cross motion of the defendants City of New York and New York City Board of Education to dismiss and/or for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the cross motion, and to otherwise affirm insofar as appealed from, with the following memorandum with which Goldstein, J., joins: Because I believe that the plaintiff Walfredo Martinez was engaged in activity protected under Labor Law § 240 (1), I respectfully dissent.

The New York City School Construction Authority (hereinafter NYCSCA) undertook "Operation Clean House", a project to remove asbestos from the New York City public schools. As an integral part of the project, and as a necessary prerequisite to the actual removal, NYCSCA hired the defendant third-party plaintiff Kaselaan & D'Angelo Associates, Inc., *inter alia*, to locate, identify, and catalog the quantity, condition, and accessibility of all asbestos, and to mark it for removal. The actual removal of the asbestos was to be accomplished by another contractor. At the time in question, Martinez worked as an environmental inspector, checking to see if asbestos samples had previously been taken, to check the areas marked as containing asbestos, and to take measurements of the areas where asbestos was found. He fell while attempting to measure a portion of a pipe that was approximately eight to ten feet off the ground.

Labor Law § 240 (1) requires various precautions be undertaken to protect workers from elevation-related hazards during the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). Here, Martinez was engaged in an activity that was an inte-

gral and necessary part of a project that was within the purview of the statute (*see, Martin v Back O'Beyond,* 198 AD2d 479; *Iannelli v Olympia & York Battery Park Co.,* 190 AD2d 775; *Mosher v St. Joseph's Villa,* 184 AD2d 1000; *Cox v La-Barge Bros. Co.,* 154 AD2d 947). Thus, Labor Law § 240 (1) is applicable (*see, e.g., Nowacki v Metropolitan Life Ins. Co.,* 242 AD2d 265; *Ortega v Catamount Constr. Corp.,* 226 AD2d 154; *Klapa v O&Y Liberty Plaza Co.,* 218 AD2d 635). The cases cited by the majority concern, inter alia, inspections and routine maintenance in non-construction, non-renovation contexts and are, therefore, distinguishable (*see, e.g., Greenwood v Shearson, Lehman & Hutton,* 238 AD2d 311; *Lunquist v Ditmas Realty Co.,* 230 AD2d 830).