*324
 
 OPINION OF THE COURT
 

 Ciparick, J.
 

 Plaintiff was injured when he fell from a height while performing asbestos inspection work in a school building owned by defendant City of New York and operated by the New York City Board of Education. We must decide whether the work in which plaintiff was engaged when he was injured fell within the ambit of Labor Law § 240 (1). We hold that it did not.
 

 Plaintiff Walfredo Martinez was hired in August 1993 as an “environmental inspector” by third-party defendant L.J. Gonzer Associates, a placement agency, and was assigned to work for defendant/third-party plaintiff Kaselaan & D’Angelo Associates. Kaselaan had contracted with the New York City School Construction Authority to provide asbestos inspection services during phase one of “Operation Clean House,” a two-phase project to identify and remove asbestos from New York City public schools. Phase one, the “Project Design” phase, entailed the inspection of school buildings and the identification of asbestos problem areas; the actual cleaning and removal work would be performed only during phase two, the “Abatement Phase.” Thus, Kaselaan’s sole role during phase one was to locate, identify and catalog asbestos in the school buildings and mark it for removal.
 

 Plaintiff’s duties were to determine whether asbestos samples had been previously taken, check areas marked as containing asbestos and measure areas where asbestos was found. On September 17, 1993, plaintiff was sent to visually inspect and take measurements at P.S. 85, in Queens. At the time of the accident, plaintiff was attempting to measure an insulation-covered pipe which ran from the ceiling to the top of a large closet approximately eight or nine feet tall. In an effort to reach the pipe, plaintiff and another inspector moved a desk against the closet. Plaintiff then climbed onto the desk and grasped the top of the closet in an attempt to lift himself higher. While doing so, he fell and was injured.
 

 Plaintiff and his wife then commenced this action asserting causes of action including common-law negligence and viola
 
 *325
 
 tion of Labor Law § 240 (1). As pertinent here, plaintiff moved for partial summary judgment, on the issue of liability under Labor Law § 240 (1), alleging that defendants failed to provide him with a safety device, such as a ladder, on the day of the accident. The municipal defendants cross-moved for dismissal of the complaint for failure to state a cause of action or summary judgment.
 

 Supreme Court denied plaintiffs motion for summary judgment and granted defendants’ cross motions. With respect to the municipal defendants, the court held that the inspection work performed by plaintiff, even though entailing some height-related risk, was not the kind of elevation-related work contemplated by Labor Law § 240 (1). By a divided vote, the Appellate Division affirmed. The majority noted that plaintiffs job was limited to inspection for asbestos in preparation for subsequent asbestos removal, which, if required, would be performed by an entity other than Kaselaan or Gonzer. The majority thus reasoned that plaintiffs inspection work was “clearly not integral to the job of removing asbestos,” and so was not within the purview of Labor Law § 240 (1) (252 AD2d 545, 546). The dissenting Justices contended that plaintiffs inspection work was “an integral and necessary part of a project that was within the purview of’ Labor Law § 240 (1) (252 AD2d, at 546-547). This appeal comes before us as of right based on the two-Judge dissent (CPLR 5601 [a]), and we now affirm.
 

 Section 240 (1) of the Labor Law requires all contractors and property owners and their agents:
 

 “in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure [to] furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
 

 The statute is thus designed to minimize injuries to employees by placing ultimate responsibility for safety practices on owners and contractors, rather than on the workers, who as a practical matter lack the means of protecting themselves from accidents
 
 (Rocovich v Consolidated Edison Co.,
 
 78 NY2d 509, 513;
 
 Zimmer v Chemung County Performing Arts,
 
 65 NY2d
 
 *326
 
 513, 520). Hence, we have repeatedly indicated that section 240 (1) “is to be construed as liberally as may be for the accomplishment of the purpose for which it was * * * framed”
 
 (Quigley v Thatcher,
 
 207 NY 66, 68;
 
 see also, e.g., Joblon v Solow,
 
 91 NY2d 457, 463;
 
 Gordon v Eastern Ry. Supply,
 
 82 NY2d 555, 559;
 
 Lombardi v Stout,
 
 80 NY2d 290, 296;
 
 Zimmer v Chemung County Performing Arts, supra,
 
 65 NY2d, at 520-521). As the majority below pointed out, however, “ ‘the statutory language must not be strained in order to encompass what the Legislature did not intend to include’ ” (252 AD2d, at 546, quoting
 
 Karaktin v Gordon Hillside Corp.,
 
 143 AD2d 637, 638).
 

 While the reach of section 240 (1) is not limited to work performed on actual construction sites (see,
 
 Joblon v Solow, supra,
 
 91 NY2d, at 464), the task in which an injured employee was engaged must have been performed during “the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure.” Here, plaintiffs work as an environmental inspector during phase one was merely investigatory, and was to terminate prior to the actual commencement of any subsequent asbestos removal work. In fact, none of the activities enumerated in the statute was underway, and any future repair work would not even be conducted by Kaselaan, plaintiffs supervisor, but by some other entity. Thus, plaintiff was “not a person ‘employed’ to carry out the repairs as that term is used” in section 240 (1)
 
 (Gibson v Worthington Div. of McGraw-Edison Co., 78
 
 NY2d 1108, 1109).
 

 In concluding that plaintiffs job did not entitle him to protection under the statute, we reject the analysis employed below which focused on whether plaintiffs work was an “integral and necessary part” of a larger project within the purview of section 240 (1). Such a test improperly enlarges the reach of the statute beyond its clear terms.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Wesley concur; Judge Rosenblatt taking no part.
 

 Order affirmed, with costs.