■ GERARD PARADISE et al., Respondents, v LEHRER, McGOVERN & BOVIS, INC., Appellant, et al., Defendant and Third-Party Plaintiff. WILLIAM A. WHITE MANAGEMENT SERVICE CORP. et al., Third-Party Defendants-Appellants. (And Other Actions.) [700 NYS2d 25] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 21, 1999, which, *inter alia*, denied the motion of defendant Lehrer, McGovern & Bovis, Inc. for summary judgment dismissing the complaint and the cross-motion of the third-party and second third-party defendants William A. White Management Service Corp., Grubb & Ellis, Inc. and Axiom Real Estate Management, Inc. for sum-

mary judgment dismissing the complaint and the third-party complaints of defendants Lehrer, McGovern & Bovis, Inc. and G.H.I., Inc. and granted plaintiffs' cross-motion for summary judgment on their Labor Law § 241 (6) cause of action and set the matter down for an inquest, unanimously modified, on the law, to deny plaintiffs' cross-motion, grant defendant's motion and the third-party defendants' cross-motion to the extent of dismissing the Labor Law § 241 (6) cause of action, grant the third-party defendants' motion to dismiss the third-party complaints and, except as thus modified, affirmed, without costs or disbursements. The Clerk is directed to enter judgment in favor of third-party defendants dismissing the third-party complaint.

Plaintiff, a building manager for Axiom Real Estate Management, Inc., which operated and managed the subject property for the owner, defendant G.H.I., Inc., was injured when he moved a pallet of twenty fifty-pound bags of snow melt to the back of the building, which was then undergoing a "gut rehab." Plaintiff's duties included daily inspections of the building, assuring the proper performance of maintenance chores and the supervision of porters and other building employees. On the day in question, plaintiff, at the request of an unidentified carpenter, moved the bags of snow melt because they were blocking the area in which the carpenter was to work. According to plaintiff, as he pulled a pallet jack holding the pallet on which he had loaded the bags, he was met with a pile of construction debris, around which he tried to navigate. In so doing, the pallet jack allegedly struck a piece of concrete, ten or fifteen feet away from the pile of debris, which caused the pallet to stop abruptly and jerk plaintiff forward, resulting in injury to his back and knee. Plaintiff further alleges that he had previously complained about the debris to the general contractor, Lehrer, McGovern & Bovis, Inc.

Lehrer moved for summary judgment dismissing the complaint and third-party complaint, asserting as a basis for dismissal of the Labor Law § 241 (6) claim that plaintiff was not engaged in construction work at the time of his injury; as to the Labor Law § 200 and common law negligence claims Lehrer alleged that it neither controlled nor supervised plaintiff in the manner in which he moved the snow melt. By cross-motion, the third-party defendants joined in the motion to dismiss the complaint and also sought summary judgment dismissing the third-party complaints. In opposing the motion, plaintiff attempted to show that he was engaged in construction work. All of the examples, however, that he offered in support of such a

showing—repairs to the loading dock door and rails and windows damaged by construction workers—constitute work that he would have done as part of his duties as building manager, irrespective of whether there was ongoing construction.

As is clear from this record, neither Axiom nor plaintiff was hired by the owner or general contractor to perform construction work on the building; nor was plaintiff permitted or suffered to work on the building. In order to invoke the protection of Labor Law § 241 (6), both elements must be shown. (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577; *Agli v Turner Constr. Co.*, 246 AD2d 16, 257 AD2d 469.)

The protections afforded a worker under Labor Law § 200, codifying the common law duty of an owner or contractor to provide a safe place to work, are not limited to construction work and apply to all work places. (*Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299; *see, Jock v Fien*, 80 NY2d 965, 967.) In that connection, plaintiff's showing that Lehrer was responsible for project safety, debris removal and work area cleanup, and that he complained to Lehrer about the pile of debris, presents issues of fact as to the negligence and Labor Law § 200 claims. Therefore, summary judgment was properly denied.

Since no opposition whatever was offered to the cross-motion of the third-party defendants, alleged to have maintained and managed the premises, to dismiss the third-party complaints, and none of the arguments advanced by Lehrer to extricate itself from liability provides a basis for imposing liability on these defendants, their cross motion should have been granted. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Wallach and Friedman, JJ.