■ KENNETH PETERMANN et al., Appellants, v AMPAL REALTY CORPORATION et al., Respondents. (And Other Third-Party Actions.) [733 NYS2d 9] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered July 17, 2000, which, in an action for personal injuries by an employee of third-party defendant managing agent, granted defendant building owner's and general contractor's motions for summary judgment dismissing the complaint, and denied plaintiff's cross motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff, employed as the managing agent's chief engineer, was asked by the general contractor to close a master water valve in the ceiling of the eleventh floor so that the contractor could proceed with certain plumbing work it was about to begin as part of a then ongoing renovation project for the tenant of the sixth floor. Plaintiff fell off a ladder in the course of closing the valve, for which he makes a claim under Labor Law § 240 (1). Since plaintiff acknowledges that only engineers such as himself are authorized to close valves, that he had closed valves in the past to facilitate plumbing work, and that after closing the valve his continued presence was not necessary to the contractor's work, plaintiff cannot be regarded as a person "employed," within the meaning of section 240 (1), to perform the plumbing work that was about to begin on the lower floor, even though the task of closing the valve might be regarded as necessary thereto (*see, Martinez v City of New York*, 93 NY2d 322, 326). For essentially the same reasons, i.e., plaintiff was neither hired by the owner or general contractor to perform the renovation work nor permitted or suffered to work thereon at the time of his accident, but rather was performing a task that was part of his regular duties as the managing agent's chief engineer, plaintiff has no cause of action under Labor Law § 241 (6) (*see, Paradise v Lehrer, McGovern & Bovis*, 267 AD2d 132). Plaintiff's Labor Law § 200 and common-law negligence causes of action were also correctly dismissed for lack of evidence that defendants exercised any supervisory control over plaintiff or the work he performed in closing the valve (*see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352-353). We have considered plaintiff's other arguments and find them unavailing. Concur—Rosenberger, J. P., Tom, Rubin, Buckley and Marlow, JJ.