■ WALTER ADAMS, Appellant, v PFIZER, INC., et al., Respondents. [740 NYS2d 315] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 31, 2000, which, inter alia, denied plaintiff's motion insofar as it sought

leave for amendment of the complaint and further discovery, and order, same court and Justice, entered March 29, 2001, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured when the motorized scaffold on which he was riding tipped over, causing him to fall approximately 12 feet to the ground. The injury occurred on his employer's premises, and not on the premises of either of the present defendants. Plaintiff's work at the time of the accident was incidental to a mock-up being constructed by his employer in connection with the renovation of defendant Pfizer, Inc.'s premises and he seeks to hold Pfizer and its designer, defendant Hixon Design Consultants, Inc., which commissioned the mock-up, liable under Labor Law § 240 (1) and § 241 (6) based on their alleged ownership of the mock-up, and to hold Hixon liable in addition based on its alleged status as a general contractor.

However, plaintiff's activities at the time of the accident, which were not directed at producing significant structural alteration, did not suffice to bring plaintiff within the protective ambit of Labor Law § 240 (1) (*see, Hargobin v K.A.F.C.I. Corp.*, 282 AD2d 31, 35). Insofar as plaintiff claims Labor Law coverage on the theory that his work was integral and necessary to the contemplated construction, the Court of Appeals has specifically rejected that analysis for determining the applicability of section 240 (1) because, as in this case, it would improperly enlarge the scope of the statute beyond its clear terms (*see, Martinez v City of New York*, 93 NY2d 322, 326). For essentially the same reason, i.e., that plaintiff at the time of his injury was not involved in "construction" within the intended meaning of the statute, plaintiff has no claim against defendants under Labor Law § 241 (6) (*see, Petermann v Ampal Realty Corp.*, 288 AD2d 54, citing *Paradise v Lehrer, McGovern & Bovis*, 267 AD2d 132, 134). Nor is there authority to support plaintiff's claim that his employer's premises were an extension of the renovation site for purposes of the Labor Law.

Because plaintiff's proposed amendments to his complaint were plainly without merit, the court properly denied his motion for leave to amend (*see, Wieder v Skala*, 168 AD2d 355).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Williams, P.J., Saxe, Ellerin and Friedman, JJ.