[747 NYS2d 218]

VINCENT J. CAMPISI et al., Appellants, v EPOS CONTRACTING CORPORATION et al., Respondents.

INNOVATED CONCEPTS CONTRACTING CORP., Third-Party Plaintiff, v CITY OF NEW YORK et al., Third-Party Defendants-Respondents.

First Department, September 24, 2002

## APPEARANCES OF COUNSEL

*David M. Schuller* of counsel (*Huston & Schuller, P.C.,* attorneys), for appellants.

*John A. Sarcone, III,* of counsel (*The Sarcone Law Firm,* attorneys), for Epos Contracting Corporation, respondent.

*Martin M. McGlynn* of counsel (*Hawkins Feretic Daly & Maroney, PC,* attorneys), for Classic Electric, Inc., respondent.

*John R. Frank* of counsel (*Law Office of Michael J. Ross & Robert J. Sambrato,* attorneys), for Innovated Concepts Contracting Corp., respondent.

*Cheryl Payer* of counsel (*Stephen J. McGrath* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for third-party defendants-respondents.

## OPINION OF THE COURT

ELLERIN, J.

This appeal presents a question of the scope of the class of persons protected by Labor Law § 240 (1), which provides:

> "All contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

Plaintiff was a superintendent of construction for the City of New York who was injured while at work coordinating and monitoring the performance and progress of the contractors working pursuant to contract with the City to convert a City-owned brownstone into a six-family house. At the time of the injury, he had returned to the site from lunch and noticed the absence of noise generated by tools. He went inside to find out why it was so quiet and how far the work for that day had progressed. After passing the threshold at the building entrance, he stepped into a space between two joists in flooring installed by defendant Innovated Concepts Contracting Corp., fell through the gap as far as his elbows, and ended up dangling between the first floor and the basement.

The motion court denied plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law

§ 240 (1) cause of action on the ground that plaintiff was not "performing work in any of the [ ] activities" enumerated in the statute, i.e., "erection, demolition, repairing, altering, painting, cleaning or pointing," and therefore could not show, as required for entitlement to the statute's protection, that he was "performing work necessary and incidental to the erection or repair of a building or structure." In support of its holding, the court cited *Shields v St. Marks Hous. Assoc.* (230 AD2d 903, *lv denied* 91 NY2d 806), a case in which the plaintiff was employed by the general contractor on a renovation project as a night watchman/security guard, i.e., a job wholly unrelated to the work of the renovation project.

In cases more closely analogous to this one, employees hired to inspect construction work have been held to be within the class of persons protected by section 240 (1). Partial summary judgment on the issue of liability has been awarded to a civil engineer in charge of bridge construction who fell while inspecting the job site (*Reisch v Amadori Constr. Co.*, 273 AD2d 855); an architect who fell while inspecting the construction of a manufacturing plant (*Aubrecht v Acme Elec. Corp.*, 262 AD2d 994); an independent consultant hired by the general contractor who fell while inspecting the construction (*Nowak v Kiefer*, 256 AD2d 1129, *lv denied in part and dismissed in part* 93 NY2d 887, *rearg dismissed* 93 NY2d 1000); and a supervisor and steel inspector employed by one of the subcontractors on the job who fell while inspecting the work of an employee of another subcontractor (*Iannelli v Olympia & York Battery Park Co.*, 190 AD2d 775). The *Iannelli* Court explained that section 240 (1) was applicable because "[i]t is evident from the facts of this case that the plaintiff was exposed to the risks inherent in an elevated work site * * * and that his work involved the erection of a building" (at 776 [citations omitted]).

Expressed more pointedly, the statute may be applicable "despite the fact that the particular job being performed at the moment plaintiff was injured did not in and of itself constitute construction" (*Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 199, *affd* 89 NY2d 952; *see also O'Connor v Lincoln Metrocenter Partners*, 266 AD2d 60, 61 [employee who fell en route to 24th floor work site where he stripped forms from recently poured concrete was covered]; *Reinhart v Long Is. Light. Co.*, 91 AD2d 571, 571, *appeal dismissed* 58 NY2d 1113 [plumbers who fell while discussing payroll and timesheet problems "were employed, and they were not interlopers, and the scaffold was defective, and accordingly, summary judgment

should have been granted as to liability"]). In affirming *Covey*, the Court of Appeals held that the plaintiff, who was injured while doing maintenance work to keep the heavy equipment being used in a pipeline project operating, "was engaged in an activity protected under Labor Law § 240 (1), inasmuch as the work performed by plaintiff was part of the construction of the pipeline" (89 NY2d at 953-954). Unlike the plaintiff in *Shields* (*supra*), who was a night watchman, but, like the plaintiffs in *Reisch, Aubrecht, Nowak*, and *Iannelli* (*supra*), who inspected construction work in progress, plaintiff here performed work that was "part of" the construction project. He was the person with whom the various trades checked in at the beginning of every day on the site. He monitored the general contractors' work to make sure they were doing the job according to the blueprint specifications. As described by defendant Innovated Concepts, plaintiff's job was "to ensure the City got what it paid for and that cheap or inferior substitutes or materials did not slip through." To check on the work that was being done, he visited all areas of the building, including those in which elevation posed a risk, such as the plywood floor over the basement. While his part in the renovation of the building did not require him to use masons', carpenters', electricians' or plumbers' tools, plaintiff was as much employed "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" within the meaning of the statute as any of the employees whose work he inspected. By virtue of their exposure to the risks inherent in an elevated work site and their involvement in the erection, etc., of a building or structure (*see Iannelli, supra*), inspectors of construction projects are "workers on the job" and, as such, are within the class of persons protected by section 240 (1) (*Kirkpatrick v Diversified Sports*, 216 AD2d 891, 892, citing *Haimes v New York Tel. Co.*, 46 NY2d 132).

We cannot agree with the dissent that *Martinez v City of New York* (93 NY2d 322) is controlling here. The plaintiff in *Martinez* was an environmental inspector whose job was to identify asbestos problem areas in preparation for removal of the asbestos from New York City public schools. The Court held that the plaintiff's job did not entitle him to protection under section 240 (1) because the work he was doing was to terminate before the subsequent asbestos removal work actually commenced and "the task in which an injured employee was engaged must have been performed *during* 'the erection, demolition, repairing, altering, painting, cleaning or pointing

of a building or structure' " (*id.* at 326 [emphasis added]). The Court pointed out that at the time of the plaintiff's accident none of the activities enumerated in the statute was under way and that, moreover, any future repair work would be conducted not by the plaintiff's employer but by "some other entity" (*id.*). Thus, the plaintiff was "not a person 'employed' to carry out the repairs as that term is used" in the statute (*id.*, quoting *Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108, 1109).

A reading of *Gibson* establishes that the relevant inquiry here is not whether the plaintiff picked up a tool to effect a repair, but whether he had been hired to take any part in the repair work. The plaintiff in *Gibson* was a design engineer who was injured while inspecting the damage to the roof of the defendant's building in preparation for submitting an estimate on the repair job. The Court held that he was not within the class of workers protected by section 240 (1) because at the time of the accident his firm had not been hired, i.e., the firm was not employed, to repair the roof. Thus, the *Martinez* Court's quotation from *Gibson*—that Walfredo Martinez was "not a person 'employed' to carry out the repairs as that term is used"—refers to the fact that Martinez's employer had not been hired, i.e., his employer was not employed, to remove asbestos.

Neither *Martinez* nor *Gibson* addresses the question of whether the particular job of inspecting ongoing construction work disqualifies a plaintiff for protection under the statute. Indeed, while the *Martinez* Court affirmed the denial of the plaintiff's motion for summary judgment, it specifically rejected the argument that the plaintiff's inspection work was not integral to the asbestos removal work (93 NY2d at 325, 326). The Court focused on the time frame in which the plaintiff performed his inspection, i.e., before the asbestos removal work commenced, rather than on the plaintiff's job description.

Since plaintiff was employed in an activity covered by Labor Law § 240 (1) and it cannot be controverted that his fall through temporary flooring was an elevation-related incident (*see O'Connor v Lincoln Metrocenter Partners*, 266 AD2d 60; *Robertti v Chang*, 227 AD2d 542, *lv dismissed* 88 NY2d 1064), he has established the necessary predicate for liability under that statute.

Defendants' subcontract established that defendant Epos contracted with the City, the building owner, to perform the construction and subcontracted the entire project to defendant

Innovated. The owner of Innovated testified that putting down the plywood floor was one of Innovated's responsibilities. Both defendants therefore are responsible for violations of section 240 (1) (*see Kyle v City of New York*, 268 AD2d 192, *lv denied* 97 NY2d 608).

Accordingly, the order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered September 21, 2000, which, inter alia, denied plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim and granted defendant Epos Contracting Corporation's cross motion for summary judgment dismissing that claim as against all parties, should be reversed, on the law, without costs, plaintiffs' motion granted, defendant Epos's cross motion denied and the matter remanded for further proceedings.

Tom, J.P. (dissenting). This case brings up for review the question whether plaintiff, employed by the City of New York, who was injured at a construction site while visually monitoring construction work being performed by contractors hired by the City, was, as a matter of law, within the class of workers that Labor Law § 240 (1) was intended to protect and on whose behalf strict liability is imposed.

The job site was a three-story brownstone building, owned by New York City, that had been gutted and was being converted into six residential units. The City, which engaged in no construction work of its own at the site, contracted out demolition and reconstruction work to defendant Epos, which subcontracted to defendant Innovated Concepts for construction work and to defendant Classic Electric for electrical work. The injury occurred in May 1994 when plaintiff fell through loose planking on the first floor near the building entrance.

Plaintiff was not a construction worker, nor did he work for the contractor or subcontractors on this job. In fact, he had no role that advanced the construction work. Rather, he was employed by New York City as a superintendent of construction solely to ascertain that the contractors were performing construction work pursuant to specifications in the contract with the City. His position was administrative, although performing his administrative obligations required site visits and inspections. His responsibilities were limited to observation and record-keeping.

The building required total gutting. Floor joists were exposed and required plywooding, walls required sheetrocking, and plumbing and electrical fixtures had to be installed. On

the day of the accident, plaintiff expected to check the work being performed on the upper floors, which were accessible by stairway. The accident occurred on the first floor near the front entrance of the building. Plaintiff testified that where he first entered the building, various pieces of plywood of various shapes and sizes were strewn over the joists. Immediately upon passing through the front entrance, plaintiff fell partially through an opening on the first floor on apparently unsecured plywood, and became trapped between two floor joists. He was later helped out of the hole by an employee of Innovated.

Plaintiff moved for partial summary judgment on the issue of liability with respect to his Labor Law § 240 (1) claim. Defendant Epos cross-moved for summary judgment dismissing, inter alia, this claim. Codefendants argued in opposition to plaintiff's summary judgment motion that this accident was not the type contemplated by the statute, that plaintiff was not a member of the protected class, and that insofar as he was the only witness to the accident, there were triable issues as to his credibility.

Supreme Court granted summary judgment to defendants on the Labor Law § 240 (1) claim on two grounds. The court, construing the statutory list of activities literally, found that plaintiff was not performing the requisite activities. Rather, he was just inspecting the premises. Second, the court found that plaintiff was not within the class of persons entitled to the protections of Labor Law § 240 (1).

I agree that plaintiff was not within the protected class. In order to come within the ambit of Labor Law § 240 (1), a plaintiff must have been employed in the type of work involving differences in elevation as prescribed by the statute. Labor Law § 240 (1) clearly provides that all contractors and owners and their agents:

> "in the *erection, demolition, repairing, altering, painting, cleaning* or *pointing* of a building or structure [are to] furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection *to a person so employed*" (emphasis added).

At the time of the accident, plaintiff was not a worker "so employed" to perform any of the enumerated activities covered

by the statute, i.e., erecting, repairing or altering the structure. It is undisputed that plaintiff was employed by the City and not the contractors, and that his job was to monitor the construction jobs to ensure contract compliance at several locations. He did this by comparing the specifications in blueprints to the actual work being performed; checking which contractors and employees were working at the job site and what they were doing; and preparing periodic progress reports of the work performed. Plaintiff specifically testified that his responsibilities did not include inspections for safety violations, in which regard he had no authority. He was clear that he was only responsible for ascertaining progress, and was not responsible for any construction work or other aspects of the construction job. He brought no tools to the job site, except perhaps a measuring tape and flashlight. The majority urges that we accept a broad, general rule that all workers employed "on the job" are covered—a generalization that I believe to be flawed in that it is too broad to be useful. However, even on those terms, plaintiff was not employed on the construction job. He was employed at a different job—a City inspector— performing different tasks—measuring progress against the contract.

Plaintiff's job was similar to that of the plaintiff in *Martinez v City of New York* (93 NY2d 322), which is controlling, some factual nuances notwithstanding. The plaintiff in *Martinez* was an asbestos inspector, employed by an independent contractor performing an inspection in a City-owned building. That plaintiff was hired only for inspection duties, and was to have no participation in the abatement work, in the event any was required. His duties required him to visually inspect particular locations, identify and measure areas where asbestos was located, and maintain records. He had responsibilities for several locations. At the time of his injury, he was measuring an insulation-covered pipe which ran from the ceiling to the top of a large closet about eight or nine feet tall. In order to reach the pipe, the plaintiff moved a desk against the closet, climbed on top of the desk, and then tried to hoist himself higher by grabbing the top of the closet. That was when he fell. Although he was a "worker," and in that sense was working at his job site, and fell from a height while performing his duties, nevertheless he was not within the class of workers whom Labor Law § 240 (1) was intended to protect. Judge Ciparick, writing for the unanimous Court of Appeals, declined to strain the statutory language to reach workers whom the Legislature had not intended to include within the statutory ambit.

Although in *Martinez* the asbestos abatement work had not yet commenced at the time of the plaintiff's injury, the majority's reliance on this fact is misplaced. Rather, the distinction between that plaintiff's investigatory duties and the asbestos abatement duties rendered that fact immaterial. By application of that logic, whether or not construction work was ongoing in the location of present plaintiff's own work is not a critical factor. Plaintiff's inspection duties as a City employee would remain the same regardless of whether construction work was or was not in progress at any particular time. In the event that any doubt remains regarding the fundamental distinction in the present case between construction work, and plaintiff's inspection duties at the instant work site, Judge Ciparick concluded *Martinez* by explicitly rejecting that aspect of the analysis employed by the majority opinion in the Appellate Division (*Martinez v City of New York*, 252 AD2d 545, 546) which reasoned that plaintiff's work fell outside the ambit of Labor Law § 240 (1) because it was clearly not integral to the job of removing asbestos (*id.*). Such a nonstatutory standard, she made clear, "improperly enlarges the reach of the statute beyond its clear terms" (*Martinez*, 93 NY2d at 326).

In rejecting the "integral and necessary part" of a larger project analysis, Judge Ciparick held that "plaintiff was 'not a person "employed" to carry out the repairs as that term is used' in section 240 (1)" (*id.*, quoting *Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108, 1109). We recently followed the Court of Appeals' *Martinez* reasoning in *Hargobin v K.A.F.C.I. Corp.* (282 AD2d 31, 35). In *Hargobin*, we said, "[t]he most recent test, with regard to alteration work, requires that the worker activity invoking statutory coverage *directly contribute toward* [emphasis added] 'a *significant* physical change to the configuration or composition of the building or structure' (*Joblon v Solow*, 91 NY2d 457, 465 [emphasis in original])" (*Hargobin*, 282 AD2d at 35; *see also Adams v Pfizer, Inc.*, 293 AD2d 291; *Petermann v Ampal Realty Corp.*, 288 AD2d 54, 55). The present plaintiff's inspection duties as a City employee do not meet that standard. The majority reads *Martinez* as finding the timing of the respective jobs in that case, rather than that plaintiff's task, as being dispositive. The Court of Appeals' decision does not support our majority's implication that if the *Martinez* plaintiff was hired to monitor the asbestos abatement work rather than check for presence of asbestos before the work began, he would have been covered. In the case before us, plaintiff was not part of the construction

crew. His task was, at best, necessary and integral to the construction project, and that very standard has now been rejected. As such, the element of time is simply irrelevant to the analysis in this case.

Furthermore, this conclusion comports with other case law that recognized the fundamental distinction between inspection work, even if at a construction site, when the plaintiff himself does not undertake construction, and the sort of construction/demolition/repair work that the statute was clearly intended to reach. In *Gibson* (*supra*), the plaintiff was an engineer retained to inspect the defendant's damaged roof so as to provide repair estimates. During the inspection, he fell through the roof. I also disagree with the majority's analysis of *Gibson*. Insofar as the plaintiff's employer had not been hired to perform any construction work on the premises, the plaintiff was not "employed" to carry out repairs, and as such was not within the class of workers protected by Labor Law § 240 (1). It was not relevant to the analysis that the employer was interested in bidding on the roof repairs; the plaintiff, a consultant, remained only an inspector. The present facts similar to those of *Gibson* lead to the same result, though not by way of the majority's analysis.

A line of Second Department cases also illustrates the point. A plaintiff who fell while inspecting whether air conditioning units were operational was only performing visual inspection duties and as such was not within the protected class (*Lundquist v Ditmas Realty Co.*, 230 AD2d 830). Similarly, a worker employed by a heating contractor who, in preparing an estimate for repair work, was engaged in measuring heating ducts when he fell, also was not engaged in "the erection * * * repairing * * * " within the meaning of the statute (*Karaktin v Gordon Hillside Corp.*, 143 AD2d 637).

In conclusion, plaintiff, whose duties on behalf of the City entailed monitoring progress at the job site, did not fall within the class of workers covered by Labor Law § 240 (1), as he was not performing any of the enumerated activities provided in the statute.

Accordingly, I dissent.

MAZZARELLI and ANDRIAS, JJ., concur with ELLERIN, J.; TOM, J.P., and MARLOW, J., dissent in a separate opinion by TOM, J.P.

Order, Supreme Court, Bronx County, entered September 21, 2000, reversed, on the law, without costs, plaintiffs' motion

14

for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim granted, defendant Epos Contracting Corporation's cross motion for summary judgment denied and the matter remanded for further proceedings.