■ WILLIAM FABRIZIO et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent, and SLATTERY ASSOCIATES, INC., et al., Respondents-Appellants, et al., Defendants. (And a Third-Party Action.) [762 NYS2d 41] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 4, 2002, which, in an action for personal injuries sustained at a construction site, insofar as appealed from, granted defendants-appellants' motion for summary judgment insofar as addressed to the cause of action under Labor Law § 240 (1), denied such motion insofar as addressed to the cause of action under Labor Law § 241 (6), and denied plaintiff's cross motion for summary judgment on the issue of defendants' liability under both such causes of action, unanimously modified, on the law, to dismiss the cause of action under Labor Law § 241 (6), and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants Slattery Associates, Inc. and H. Sand & Co., Inc. dismissing the complaint as against them.

Plaintiff, a licensed electrician, is a part owner and employee of third-party defendant, a corporation that, plaintiff claims, had been hired by defendant mechanical subcontractor to perform certain electrical work at a sewage treatment plant on Wards Island owned by defendant City and undergoing expansion. Defendants-appellants general contractor and subcontractor argue that plaintiff is not protected by either Labor Law § 240 (1) or § 241 (6) because, at the time he fell into an open manhole over an underground vault, he was not a worker at the site, but a "contract-vendee" who was inspecting the vault in order to estimate the cost of the electrical work to be done therein by his company. The motion court noted that plaintiff's company did not have a signed contract with respect to the work to be done in the vault, but nevertheless concluded that plaintiff is protected by the Labor Law since his company had been performing work at the site on an ongoing basis for several years. This was error. The record shows that any work previously performed by plaintiff's company on Wards Island was on other projects unrelated to the work at the sewage treatment plant, and that the reason plaintiff came to the site on the day of the accident was to assess the condition of the electrical system in the vault and estimate the cost of the work that needed to be done. Accordingly, notwithstanding any oral understanding between plaintiff and the subcontractor concerning the eventual hiring of plaintiff's company, at the time of

the accident plaintiff was not performing repair work or any of the other activities listed in Labor Law § 240 (1) and § 241 (6), and therefore is not within the class of persons protected thereby (*see Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108 [1991]; *Martinez v City of New York*, 93 NY2d 322, 326 [1999]). Concur—Nardelli, J.P., Tom, Andrias and Lerner, JJ. [As amended by unpublished order entered Oct. 16, 2003.]