■ ANDREW C. NELSON, JR., Respondent, v SWEET ASSOCIATES, INC., Defendant, and STONE BRIDGE IRON & STEEL, INC., et al., Appellants. (And a Third-Party Action.) [788 NYS2d 705]—

Mercure, J.P. Appeal from an order of the Supreme Court (Connor, J.), entered June 29, 2004 in Ulster County, which, inter alia, denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff, a building inspector for the Dormitory Authority of the State of New York, was assigned to assist in the inspection of a dormitory under construction at the State University of New York at New Paltz. After completing an inspection in July 2001, plaintiff tripped over several handrails that had been left in a dimly lit stairwell and fell down a flight of stairs, injuring his back, knee and shoulder. Thereafter, plaintiff commenced this action against the general contractor, defendant Sweet Associates, Inc., and two subcontractors, defendants Stone Bridge Iron & Steel, Inc. and Fast Trek Steel, Inc., alleging common-law negligence and violations of the Labor Law. Supreme Court denied defendants' motions for summary judgment, and Stone Bridge and Fast Trek (hereinafter collectively referred to as defendants) appeal.

Initially, we reject defendants' argument that Supreme Court

erred in declining to dismiss plaintiff's negligence and Labor Law § 200 claims. Given the poor lighting in the stairwell and plaintiff's testimony that he did not see the handrails before tripping over them, questions of fact existed regarding whether the dangerous condition was open and obvious (*see Soskin v Scharff*, 309 AD2d 1102, 1105-1106 [2003]; *cf. Musillo v Marist Coll.*, 306 AD2d 782, 782-783 [2003]). Nor can it be said that the risk created by the railings left on dimly lit stairs was inherent in plaintiff's employment as a building inspector or the task he was performing at the time—inspection of piping and plumbing (*see Soskin v Scharff, supra* at 1105; *cf. Bombero v NAB Constr. Corp.*, 10 AD3d 170, 171-172 [2004]). Moreover, the deposition testimony of Stone Bridge's president that the company furnished and installed the handrails, as well as supplying installation drawings for the workers installing the stairs and advising Fast Trek—the subcontractor that was retained to install steel work on the project—on aspects of the stair installation, created an issue of fact as to whether Stone Bridge had the authority to control the activity that caused plaintiff's injury, a requisite showing when a plaintiff's injury arises from the manner in which the work was performed (*see Lehner v Dormitory Auth. of State of N.Y.*, 221 AD2d 958, 959 [1995]; *see generally Jurgens v Whiteface Resort on Lake Placid*, 293 AD2d 924, 927 [2002]).

We agree with defendants, however, that plaintiff's Labor Law § 241 (6) claim should have been dismissed on the ground that he was not within the class of individuals covered by the statute. As the Court of Appeals recently explained, the question of whether inspection work falls within the purview of Labor Law § 240 (1) and § 241 (6) "must be determined on a case-by-case basis, depending on the context of the work" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 883 [2003]; *see also Beehner v Eckerd Corp.*, 3 NY3d 751 [2004]; *Martinez v City of New York*, 93 NY2d 322, 326 [1999]; *see generally* Kelner and Kelner, *"Prats and Prats" and Protected Workers Under Labor Law § 240 [1]*, NYLJ, Nov. 23, 2004, at 3, col 1). An employee will be deemed covered by the statute when the employee performs, for example, inspections that are on-going and contemporaneous with other work on a construction project pursuant to a single contract, other tasks that are enumerated by the statute, and work for a contractor engaged to provide services enumerated by the statute (*see Prats v Port Auth. of N.Y. & N.J., supra* at 881-883; *Reisch v Amadori Constr. Co.*, 273 AD2d 855, 855-856 [2000]; *cf. Fabrizio v City of New York*, 306 AD2d 87, 87-88 [2003]). Here, in contrast, plaintiff was employed by the Dormitory Authority, the owner—as opposed to

a contractor hired to perform construction work (*cf. Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 198-199 [1996], *affd* 89 NY2d 952 [1997])—and he concedes that his tasks were limited to providing inspections rather than the relevant enumerated activities of "construction, excavation or demolition" (Labor Law § 241 [6]). Thus, while plaintiff's inspections may have been conducted contemporaneously with the construction and renovation work on the project, he was not covered by Labor Law § 241 (6) and his claims in that regard must be dismissed (*see Bosse v City of Hornell*, 197 AD2d 893, 894 [1993]; *see also Campisi v Epos Contr. Corp.*, 299 AD2d 4, 11-13 [2002] [Tom, J.P., dissenting]).*

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motions dismissing the Labor Law § 241 (6) cause of action; motions granted to that extent, partial summary judgment awarded to defendants and said cause of action dismissed; and, as so modified, affirmed.

---

* We grant this relief to all defendants, including Sweet Associates under our authority to search the record and grant summary judgment to a nonappealing party (*see* CPLR 3212 [b]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 469 n 2 [2003], *lv dismissed* 100 NY2d 640 [2003]).