Treacy v Inspired Event Productions, LLC (2021 NY Slip Op 01347)





Treacy v Inspired Event Productions, LLC


2021 NY Slip Op 01347


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 653010/12 Appeal No. 13259 Case No. 2020-02565 

[*1]Peter Treacy, Plaintiff-Appellant,
v
Inspired Event Productions, LLC, et al., Defendants-Respondents, Clark Transfer Inc., et al., Defendants.


Kenneth J. Ready & Associates, Mineola (Gregory S. Gennarelli of counsel), for appellant.
Barry McTiernan & Moore LLC, New York (David H. Schultz of counsel), for Inspired Event Productions, LLC, respondent.
Lewis Johs Avallone Aviles LLP, Islandia (Mark R. Aledort of counsel), for Works in Progress, Inc., respondent.
Davis Wright Tremaine LLP, New York (Alison Schary of counsel), for Microsoft Corp. and Marriott International Inc., respondents.
Weber Gallagher Simpson Stapleton Fires & Newby, LP, New York (Robert A. Suarez of counsel), for Ports America, Inc. and Port Newark Container Terminal, LLC, respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered November 19, 2019, which, to the extent appealed from as limited by the briefs, granted the summary judgment motions of defendants Microsoft Corp., Marriot International, Inc., Inspired Event Productions, Inc. a/s/h/a Inspired Event Productions LLC, Ports America, Inc., Port Newark Container Terminal, LLC, and Works in Progress, to the extent of dismissing plaintiff's claims pursuant to Labor Law §§ 240(1) and 241(6), and denied plaintiff's cross motion for partial summary judgment on those claims, unanimously affirmed, without costs.
Plaintiff, a Teamsters' Union laborer employed by nonparty Budd Enterprises, Ltd., was unloading a truck with his coworkers and foreman when a crate, which was on top of one of the stacks being moved, fell upon him. The crates contained materials to erect booths and other set pieces for Microsoft's Imagine Cup 2011. The motion court correctly found that plaintiff, who was not permitted beyond the loading dock, due to Union and contractual rules, was not a covered worker under the Labor Law (see Martinez v City of New York, 93 NY2d 322, 325-326 [1999]). Plaintiff and his coworkers handed off the materials to stagehands who would take them from the loading dock to the Marriot Marquis ballroom for further use. While plaintiff's delivery and unloading was a necessary step in the process, he was not hired to perform any of the alleged construction (see Gibson v Worthington Div. of McGraw-Edison Co., 78 NY2d 1108, 1109 [1991]; Adair v Bestek Light. & Staging Corp., 298 AD2d 153 [1st Dept 2002]). Further, the accident occurred on a permanent loading dock servicing the hotel, an area where none of the construction was being performed (compare Gutierrez v 451 Lexington Realty LLC, 156 AD3d 418 [1st Dept 2017]). Plaintiff would not be
participating in that construction (compare Cross v Noble Ellenburg Windpark, LLC, 157 AD3d 457 [1st Dept 2018]). Instead, his duties were limited to unloading the material on the dock. This determination renders the remainder of the parties' arguments academic. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021