Cunningham v City of New York (2025 NY Slip Op 02002)

Cunningham v City of New York

2025 NY Slip Op 02002

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 150564/18|Appeal No. 3696-3697|Case No. 2023-01735 2023-06039|

[*1]Timothy Cunningham, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents. 

Sobo & Sobo, LLP, Middletown (Mark P. Cambareri of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for The City of New York, respondent.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for Liro Engineers Inc., Liro Holdings, Inc., Liro GIS and Survey, P.C., respondents.
Kahana Feld LLP, New York (Daniel Rosenblum of counsel), for TC Electric, LLC, respondent.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered May 3, 2023, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on March 22, 2023, which granted the motions of defendants The City of New York, Liro Engineers, Inc., Liro Constructors, Inc., Liro Gis and Survey, P.C., and Liro Holdings, Inc. (collectively, Liro), and TC Electric, LLC (TCE) for summary judgment dismissing plaintiff's complaint and denied plaintiff's motion for partial summary judgment on his claims pursuant to Labor Law §§ 240(1) and 241(6), unanimously affirmed, without costs. Appeal from March 22, 2023, order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff, an environmental inspector employed by the New York City Transit Authority (NYCTA), was not engaged in work covered by Labor Law §§ 240(1) or 241(6) when he was injured (see Martinez v City of New York, 93 NY2d 322, 325-326 [1999]; Fabrizio v City of New York, 306 AD2d 87, 87-88 [1st Dept 2003]). Plaintiff was taking samples from a subterranean electrical closet in downtown Manhattan in advance of a project to repair damage incurred during Superstorm Sandy. Those samples would be sent for testing, and then, only after the area was found clear of asbestos or an asbestos contractor engaged by NYCTA had performed mediation would defendant TCE begin its contracted for work. As was the case in Martinez, "none of the activities enumerated in the statute[s] [were] underway" when plaintiff was injured (93 NY2d at 326). Plaintiff's work as an environmental inspector was merely investigatory, terminating prior to the actual commencement of any subsequent asbestos removal work, and was not encompassed by the statute.
Plaintiff's reliance on our decision in McNeill v LaSalle Partners (52 AD3d 407 [1st Dept 2008]) is misplaced. At the time he was injured, the plaintiff in McNeill was monitoring ongoing asbestos abatement in an active construction worksite (id. at 409 [the plaintiff's approval was necessary for asbestos abatement work to "continue" during the "construction phase" of the Grand Central Terminal renovation project]).
Plaintiff is also unpersuasive in arguing that, as an employee of NYCTA, he was under the supervision and control of NYCTA's contractors. He testified that neither Liro nor TCE directed or supervised his work, and that he took direction only from NYTCA. The testimony further established that NYCTA employees, including plaintiff, had authority to bar the contractors from entering the manhole that led to the electrical closet. The contracts also show that NYCTA retained ultimate control over its property and employees. Neither TCE, a contractor, nor Liro, the construction manager, were permitted in the area until after asbestos sampling by NYCTA employees and asbestos remediation by other NYCTA contractors had been completed. Thus, TCE and Liro, who were present for survey purposes but had not yet been [*2]in the electrical closet, had no responsibility regarding the preexisting conditions in that closet, and plaintiff's Labor Law § 200 claim against them was properly dismissed (see Coaxum v Metcon Constr., Inc., 93 AD3d 403, 404 [1st Dept 2012]; Campuzano v Board of Educ. of City of N.Y., 54 AD3d 268, 269 [1st Dept 2008]). As to the City, it was an out-of-possession landlord who cannot be liable under the facts here (see Arteaga v City of New York, 101 AD3d 454, 454 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025