Buckley v Hearst Corp. (2026 NY Slip Op 00006)

Buckley v Hearst Corp.

2026 NY Slip Op 00006

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P., Friedman, Mendez, Shulman, Hagler, JJ. 

Index No. 160500/16|Appeal No. 5492|Case No. 2024-03917|

[*1]Sean Buckley et al., Appellants,
vThe Hearst Corporation, Respondent, Upgrade Services LLC, et al., Defendants.

Sacks & Sacks LLP, New York (Scott N. Singer of counsel), for appellants.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Jonathan Shaub of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered May 21, 2024, which, to the extent appealed from, denied plaintiffs' motion for summary judgment on their Labor Law § 240(1) claim and granted the motion of defendant The Hearst Corporation to dismiss the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff Sean Buckley, an ironworker's foreman, was injured while he was assisting a consulting engineer who was conducting an inspection of exterior façade remediation work on a building owned by Hearst. At the time of the inspection, plaintiff's employer had already completed the remediation work. Plaintiff, along with the engineer hired by Hearst to conduct the inspection, used a building maintenance unit, a motorized scaffold, to ascend the building to examine the faÇade. As the building maintenance unit reached the 18th floor, its primary braking system failed and it began to descend under the control of the secondary braking system. As it did so, it hit a skylight on the building, allegedly causing plaintiff to sustain injuries.
Supreme Court properly denied plaintiffs' motion and dismissed the Labor Law § 240(1) cause of action. At the time of the incident plaintiff was not engaged in work covered by Labor Law § 240(1). Rather, plaintiff was present at the site to answer questions while the consulting engineer hired by Hearst inspected the facade work, which had already been completed (see Cunningham v City of New York, 237 AD3d 422, 422 [1st Dept 2025]; Fabrizio v City of New York, 306 AD2d 87, 87-88 [1st Dept 2003]). That the inspection might have revealed the need for additional work to complete the contract does not change the analysis, since any necessary additional work was to be done at a later date, after plaintiff's role was complete (see Martinez v City of New York, 93 NY2d 322, 325-326 [1999]; Harnisch v City of New York, 236 AD3d 516, 516 [1st Dept 2025]).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026