**Lardiere v Site 6 DSA Owner LLC**

2024 NY Slip Op 32946(U)

August 20, 2024

Supreme Court, New York County

Docket Number: Index No. 153260/2018

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

-------------------------------------------------------------------------------X

ROSARIO LARDIERE,

                              Plaintiff,

                       - v -

SITE 6 DSA OWNER LLC,SITE 6 COMMERCIAL
LLC,TACONIC INVESTMENT  PARTNERS, L&M
DEVELOPMENT PARTNERS, BFC PARTNERS, L.P,
DELANCEY STREET ASSOCIATES LLC,NYU LANGONE
HEALTH SYSTEM, HUNTER-ROBERTS
CONSTRUCTION GROUP, LLC,BFC PHASE 1 DSA
LLC,THE PACE COMPANIES NEW YORK,
INC.,PEEPELS MECHANICAL CORP.,

                            Defendant.

-------------------------------------------------------------------------------X

SITE 6 DSA OWNER LLC, TACONIC INVESTMENT
PARTNERS, L&M DEVELOPMENT PARTNERS, DELANCEY
STREET ASSOCIATES LLC, NYU LANGONE HEALTH
SYSTEM, HUNTER-ROBERTS CONSTRUCTION GROUP,
LLC

                          Plaintiff,

                   -against-

GIL-BAR INDUSTRIES, THE PACE COMPANIES NEW YORK
INC., PEEPELS MECHANICAL CORP

                            Defendant.

-------------------------------------------------------------------------------X

SITE 6 DSA OWNER LLC, SITE 6 COMMERCIAL LLC,
TACONIC INVESTMENT PARTNERS, L&M DEVELOPMENT
PARTNERS, DELANCEY STREET ASSOCIATES LLC, NYU
LANGONE HEALTH SYSTEM, HUNTER-ROBERTS
CONSTRUCTION GROUP, LLC, BFC PHASE 1 DSA LLC

                          Plaintiff,

                   -against-

SITE SAFETY,LLC, MECHANICAL PIPING SOLUTIONS

                            Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153260/2018 |
| **MOTION DATE** | 07/02/2024 |
| **MOTION SEQ. NO.** | 008 009 010 011 012 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595818/2018

Second Third-Party
Index No.  595217/2020

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
  Motion No.  008 009 010 011 012

**Page 1 of 26**

SITE 6 DSA OWNER LLC, SITE 6 COMMERCIAL LLC, TACONIC INVESTMENT PARTNERS, L&M DEVELOPMENT PARTNERS, DELANCEY STREET ASSOCIATES LLC, NYU LANGONE HEALTH SYSTEM, HUNTER-ROBERTS CONSTRUCTION GROUP, LLC, BFC PHASE 1 DSA LLC

Third Third-Party
Index No. 596072/2021

Plaintiff,

-against-

COMMODORE CONSTRUCTION CORP.

Defendant.
----------------------------------------------------------------------------------X

PEEPELS MECHANICAL CORP

Fourth Third-Party
Index No. 595014/2024

Plaintiff,

-against-

COMMODORE CONSTRUCTION CORP., MECHANICAL PIPING SOLUTIONS INC.

Defendant.
----------------------------------------------------------------------------------X

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 608, 609, 610, 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 627, 628, 629, 630, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 872, 877, 878, 879, 880, 881, 882, 906, 907, 908, 909, 910, 911, 912, 913, 914, 918, 930, 931, 946, 947

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 643, 644, 645, 646, 647, 648, 649, 650, 651, 652, 653, 654, 655, 656, 657, 658, 659, 660, 661, 662, 663, 664, 665, 666, 667, 668, 669, 670, 671, 672, 673, 674, 675, 676, 677, 678, 679, 680, 681, 682, 683, 684, 685, 686, 687, 688, 689, 690, 691, 692, 693, 694, 695, 696, 697, 698, 699, 700, 701, 702, 703, 704, 705, 706, 707, 708, 709, 710, 711, 712, 713, 714, 715, 716, 717, 718, 719, 720, 721, 722, 723, 724, 725, 726, 727, 728, 729, 730, 731, 732, 733, 734, 868, 873, 874, 922, 923, 924, 925, 939, 945

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 735, 736, 737, 738, 739, 740, 741, 742, 743, 744, 745, 746, 747, 748, 749, 750, 751, 752, 753, 754, 755, 756, 757, 758, 759, 760, 761, 762, 763, 764, 765, 766, 767, 768, 769, 770, 771, 772, 773, 774, 775, 776, 777, 778, 779, 780, 781, 782, 783, 784, 785, 786, 787, 869, 875, 888, 889, 890, 891, 896, 897, 898, 899, 900, 901, 902, 903, 904, 905, 915, 919, 935, 936, 940, 941, 942, 943

were read on this motion to/for          JUDGMENT - SUMMARY          .

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 2 of 26**

[* 2]

The following e-filed documents, listed by NYSCEF document number (Motion 011) 788, 789, 790, 791, 792, 793, 794, 795, 796, 797, 798, 799, 800, 801, 802, 803, 804, 805, 806, 807, 808, 809, 810, 811, 812, 813, 814, 815, 816, 817, 818, 819, 820, 821, 822, 823, 824, 825, 826, 827, 828, 829, 830, 831, 832, 833, 834, 835, 836, 837, 838, 839, 840, 841, 842, 870, 876, 883, 884, 885, 886, 887, 916, 920, 926, 927, 928, 929, 932, 933, 934

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 844, 845, 846, 847, 848, 849, 850, 851, 852, 853, 854, 855, 856, 857, 858, 859, 860, 861, 862, 863, 864, 865, 871, 892, 893, 894, 895, 917, 921, 944

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The parties' motions for summary judgment are consolidated for disposition and decided as described below.

**Background**

Plaintiff brings this Labor Law case arising out of injuries he claims he suffered when he was hit in the head by a pipe on a construction site. Plaintiff was not a construction worker; rather, he sold HVAC units as a commissioned salesperson for Gil-Bar Industries ("Gil-Bar"). Specifically, he was involved with the sale of a large HVAC unit for this project. Defendant Hunter Roberts Construction Group LLC ("Hunter Roberts") was the general contractor for the construction project at a premises owned by defendant Site 6 Commercial LLC. The premises would eventually house facilities operated by tenant and co-defendant NYU Langone Health System ("NYU Langone"). To install the HVAC unit at the site, Hunter Roberts contracted with Peepels Mechanical Corporation ("Peepels"); Peepels bought the unit from Gil-Bar and thus Peepels was Gil-Bar's (and plaintiff's) customer. Hunter Roberts also had a sprinkler system installed by The Pace Companies New York Inc. ("Pace").

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 3 of 26**

3 of 26

[* 3]

On February 28, 2018, plaintiff visited the construction site. He testified that he was there "for a coordination meeting" (NYSCEF Doc. No. 710 Lardiere Dep. at 176). He explained that he "was there to go over progress on the unit installation in regard to setup, which they wanted to happen in the upcoming days" (*id*. at 176- 77). Plaintiff added that "I was there with a checklist of open items that needed to be addressed and discussed . . .  I had to take progress photos which I would then give back to my main – the head boss, Joe Spara [sic], who was working on the project and to the factory to be sure that everything looked satisfactory so that I could authorize startup technicians to come" (*id*. at 177).   The HVAC unit was industrial sized and attached to the unfinished and exposed ceiling inside of a mechanical room. Also in that ceiling, Pace had installed a sprinkler system that consisted of cast iron piping.

Plaintiff and other representatives affiliated with the project entered the mechanical room to hold a meeting. Plaintiff, who was wearing a hard hat, stood next to a ladder propped against the wall and beneath the end portion of the HVAC unit. Within one minute of entering, plaintiff heard a loud noise; simultaneously, he felt the cast iron pipe hit the front and top portion of his head, and he "crushed straight down," landing on his hands and knees before losing consciousness for approximately two minutes (NYSCEF Doc. No. 711 Lardiere Dep. 127-38). Even with his hard hat on, he insists he suffered a traumatic brain injury as a result of the accident. In a subsequent investigation by Hunter Roberts, it was found that the hanger rods used to hold up a portion of the sprinkler system's iron piping were cut and a sprinkler system pipe fell and hit plaintiff, but to this day it has not been determined who cut the hanger rods.

Plaintiff, who was on the premises to attend the coordination meeting, filed claims against the owner of the construction site, the tenant, the general contractor, the HVAC installer, and the sprinkler installer under Labor Law §§ 240(1), 241(6), and 200. The owner, tenant, and

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 4 of 26**

4 of 26

[* 4]

general contractor (collectively, "Owner Defendants") filed a third-party action against plaintiff's employer, the HVAC installer, and the sprinkler installer for contractual and common law indemnification, contribution, and breach of contract for failure to procure proper insurance. Two more third-party actions were filed, but the parties to those actions did not submit motions for the purpose of this decision.

**MS 008**

Defendants Site 6 DSA Owner LLC, Site 6 Commercial LLC, Taconic Investment Partners, L&M Development Partners, BFC Partners, L.P, Delancey Street Associates LLC, NYU Langone, Hunter Roberts, BFC Phase 1 DSA LLC, (hereafter collectively "Owner Defendants") move for summary judgment dismissing the second amended complaint and all cross-claims, directing plaintiff to serve a third amended complaint, and granting their third cause of action for contractual indemnification. Owner Defendants contend that plaintiff was only on the job site to attend a meeting and that § 240(1) and 241(6) do not cover him that day because he is not in the class of workers contemplated to be protected by said statutes. Specifically, Owner Defendants argue that plaintiff was not performing construction work. Owner Defendants further claim that they had no role in the construction project at issue and that they are erroneously named entities as they have no ownership interest in the project. Finally, Owner defendants argue that they are entitled to contractual indemnity from third-party defendants Pace and Peepels based on subcontracts entered by the parties.

In opposition, Pace (the sprinkler subcontractor) contends that defendant Hunter Roberts (the general contractor) is not entitled to indemnity because Hunter Roberts directly supervised and coordinated the work performed at the construction site. Pace argues that Hunter Roberts

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 5 of 26**

5 of 26

failed to stop work that was performed incorrectly and therefore has not shown that it is free of negligence.

Also in opposition, plaintiff contends that he was engaged in an enumerated activity as contemplated by § 240(1). Plaintiff argues that it was his job to inspect and sign off on installing the air handler units, as they were an integral part of the construction project. Plaintiff maintains that he is entitled to summary judgment on his § 240(1) claim because the Owner Defendants and Peepels were obligated to provide plaintiff with proper equipment and safety devices to prevent him from being struck by a falling object. Plaintiff further contends that NYU Langone should be considered an owner of the property as a lessee because NYU Langone hired Hunter Roberts and representatives of NYU Langone performed walkthroughs of the project.

Moreover, plaintiff asserts that the test for liability is whether a named defendant had the authority to supervise the work, not whether they actually did. Plaintiff further asserts that Hunter Roberts and Peepels were both negligent. According to plaintiff, Hunter Roberts had notice of the dangerous condition of the units hanging in the ceiling and controlled the worksite, and Peepels created this dangerous condition as they were contracted to perform the HVAC work on the site and installed the units. Plaintiff also argues that both Hunter Roberts and Peepels are liable under the theory of res ipsa loquitur as this accident would not have occurred without the presence of negligence. Finally, plaintiff contends that there is no evidence supporting defendants' affirmative defenses of comparative negligence or culpable conduct.

In reply, Owner Defendants contend that plaintiff was not engaged in an enumerated activity within the meaning of § 240(1), as he was not conducting any construction-related work at the time of his accident. Owner Defendants maintain that plaintiff has not adequately shown that NYU Langone is a proper party and asserting that it is an owner of the premises is not

153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC
Motion No.   008 009 010 011 012

Page 6 of 26

[* 6]

sufficient. Moreover, Owner Defendants contend that Hunter Roberts did not control the means and methods of plaintiff's work or have notice of the dangerous condition on the premises, thus plaintiff cannot recover on his negligence claim.

**MS 009**

Plaintiff moves for summary judgment with respect to liability against defendants Site 6 Commercial LLC, NYU Langone, and Hunter Roberts for claims under Labor Law § 240(1), summary judgment with respect to liability against Hunter Roberts and Peepels for claims under Labor Law § 200, and dismissing defendants' affirmative defenses for comparative negligence and culpable conduct. Plaintiff submitted an omnibus affirmation that was also used as part of his opposition papers. Plaintiff contends that he was engaged in an enumerated activity contemplated by § 240(1), namely, inspection of the air units that was an integral part of the overall project. Additionally, plaintiff argues that defendants failed to provide proper safety equipment. Plaintiff further asserts that Hunter Roberts and Peepels were both negligent. According to plaintiff, Hunter Roberts had notice of the dangerous condition of the cut hanger rods and loose pipe, and that Peepels created this dangerous condition as they were contracted to perform the HVAC installation and likely cut the hanger rods to do so. Plaintiff also argues that both Hunter Roberts and Peepels are liable under the theory of res ipsa loquitur. Finally, plaintiff contends that there is no evidence supporting Owner Defendants' affirmative defenses of comparative negligence or culpable conduct.

In opposition, third-party defendant Gil-Bar (plaintiff's employer) contends that plaintiff is not entitled to summary judgment on his labor law claims because Gil-Bar is only responsible for equipment sales, delivery, and other administrative tasks. Gil-Bar further asserts that there is

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 7 of 26**

7 of 26

[* 7]

no evidence of who or what caused the pipe to fall that there is no evidence that any of the defendants knew of the dangerous condition.

Also in opposition, defendant Peepels contends that plaintiff seeks summary judgment against it despite failing to include Peepels in the notice of motion as a party against whom plaintiff is seeking summary judgment. Peepels further argues that plaintiff is not a member of the class of workers covered under § 240(1) as he was a salesman attending a meeting on the day of the accident. Peepels asserts that plaintiff's claims for common law negligence are based on pure speculation as Peepels denies cutting any hanger rods or having any knowledge as to why the rods were cut. Furthermore, Peepels argues that plaintiff cannot assert a claim under res ipsa loquitur as plaintiff has no independent knowledge of how the pipe fell from the unit.

In partial opposition, Owner Defendants argue that plaintiff was not engaged in an enumerated activity within Labor Law § 240(1). According to them, the record indicates that plaintiff did not hold the ultimate responsibility to decide whether to authorize startup of the unit. Moreover, they argue that plaintiff was not involved in any construction-related activity. Owner Defendants also contend that plaintiff did not show that NYU Langone is a party that can be liable under § 240(1). They also assert that plaintiff has not shown that Hunter Roberts is a proper party and argue that Hunter Roberts never delegated, supervised, or had control over the means and manner of plaintiff's work. Owner Defendants further contend that plaintiff is not entitled to summary judgment on his Labor Law § 200 claim as plaintiff has not shown that Owner Defendants had notice of any danger on the premises. Moreover, they argue that they are not liable under res ipsa loquitur as they did not have exclusive control at the time the pipe fell.

In reply, plaintiff maintains that he was engaged in an enumerated activity under § 240(1) as it was plaintiff's responsibility to authorize the startup of the units and he needed to do an

**153260/2018  LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 8 of 26**

[* 8]

8 of 26

inspection of the units for necessary information related to that authorization. Additionally, he argues that defendants Site 6 DSA Owner LLC, Site 6 Commercial LLC, Hunter Roberts and Peepels failed to provide plaintiff with the proper safety equipment and did not halt work that was obviously unsafe. Plaintiff also asserts that Hunter Roberts and Peepels were negligent in permitting the dangerous condition (cut hanger rods) that was clearly visible. Similarly, plaintiff argues that Peepels created the dangerous condition when a Peepels employee installed the unit and cut the hanger rods holding the sprinkler pipe to make room for the unit.

**MS 010**

Defendant Peepels moves for summary judgment dismissing the complaint and any cross-claims asserted against it. It contends that it is not a proper Labor Law defendant as it had no control over the means of plaintiff's work and was neither the owner nor general contractor. Peepels further argues that plaintiff is not a member of the class of workers meant to be protected by the Labor Laws and all his Labor Law claims should be dismissed. It maintains that plaintiff had no responsibility to oversee the installation of the unit or monitor the progress, he was just a salesman visiting to record information on the unit. Additionally, Peepels asserts that it cannot be liable for common law negligence as it did not have notice of the condition and was not responsible for maintaining the premises. Peepels also argues that any assertion that it was responsible for cutting the hanger rods is pure speculation. As for contractual indemnity, Peepels contends that the pipe was installed by Pace and there is no evidence that Peepels caused the condition resulting in the falling pipe, thus the contractual indemnity clause is not triggered. Peepels further asserts that any claims for breach of contract for failure to procure insurance should be dismissed as Peepels obtained the proper insurance coverage and, regardless,

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 9 of 26**

9 of 26

[* 9]

plaintiff's accident did not arise out of Peepel's work, thus any additional insured provisions in the policy have not been triggered.

In opposition, Owner Defendants contend that Peepels is a proper party to this litigation as it is a subcontractor on this project. Additionally, defendants claim that Peepels is not entitled to dismissal of claims for contribution and indemnity because Peepels was on site at the location on the day of the accident. Owner Defendants argue that there are significant issues of fact - namely: who cut the support rods? Moreover, Owner Defendants maintain that Peepels has not shown that it is free of negligence and that there is a question of fact as to whether Peepels caused or contributed to plaintiff's accident. Finally, Owner Defendants contend that Peepels has not shown that it procured proper insurance.

In partial opposition, Pace contends it is entitled to contractual indemnification from Peepels. Pace argues that Peepels has failed to show that plaintiff's accident was not due to its own negligence. Pace asserts that it finished its installation process at least a month prior to plaintiff's accident, and this installation passed inspection. Pace does not submit opposition to any other branch of Peepels' motion.

In reply, Peepels maintains it is not subject to liability under Labor Law § 240(1), as it did not subcontract with plaintiff's employer. Moreover, Peepels argues it was not delegated any authority over plaintiff's work. It also asserts that plaintiff is not a covered worker under Labor Law provisions. Peepels contends that plaintiff's claims for negligence against it are rooted in speculation, as there is no evidence that Peepels cut the support rods of the unit. Additionally, Peepels argues that it assembled the air unit from separated small pieces and any connection to piping work is unrelated to Peepels. Therefore, according to Peepels, claims for contractual

153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC
Motion No.  008 009 010 011 012

Page 10 of 26

indemnity should be dismissed. Peepels further maintains that it met its obligations and procured proper insurance.

Finally, Peepels asserts that Pace cannot move for common law indemnity in an opposition brief, as Pace cannot show that it was not negligent, nor can it prove that Peepels *was* the negligent party.

**MS 011**

Defendant Pace moves for summary judgment dismissing plaintiff's complaint. Similar to its co-defendants, Pace contends that plaintiff is not the proper protected party under Labor Law §§ 240(1), 241(6) and 200. It argues that plaintiff was only at the site to inspect the unit in preparation for the installation, and was an employee of an equipment seller, not a construction worker. Additionally, Pace asserts that plaintiff argues it violated at least three industrial codes: slipping hazards, tripping hazards, and injuries due to ladders. Pace argues these codes are inapplicable here but even if they did apply, Pace contends that plaintiff cannot prove it violated any industrial codes. Pace argues that plaintiff's claim for common law negligence should be dismissed because it neither had knowledge of the hanger rods nor cut the rods. It contends that any claims by Hunter Roberts for indemnification and contribution should be dismissed as Hunter Roberts failed to show that Pace was negligent or contributed to the accident in any way. Finally, Pace maintains that it met its insurance obligations and Hunter Roberts' claim for breach of contract for failure to procure insurance should be dismissed.

In opposition, Owner Defendants contend that Pace has failed to prove it had no involvement in plaintiff's accident. According to Owner Defendants, this precludes dismissal of claims against Pace for contractual indemnification, common law indemnification, and

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 11 of 26**

11 of 26

[* 11]

contribution. Finally, Owner Defendants argue that Pace did not show that it purchased insurance that fulfills its contractual obligations to defendants.

In partial opposition, Peepels contends that dismissal of plaintiff's common law negligence claim would be inappropriate as there are issues of fact as to Pace's involvement and alleged negligence relating to plaintiff's accident. Additionally, Peepels argues that Pace did not attach a copy of the subcontract between Pace and Hunter Roberts, thus dismissal of Hunter Roberts' claim for contractual indemnification is unwarranted. Moreover, Peepels maintains that the accident arose out of Pace's work.

In reply, Pace contends that there are no issues of fact and it is entitled to summary judgment dismissing claims under Labor Law § 200. Pace argues it completed installation of the sprinkler system one month prior to the incident and that Peepels was responsible for the next set of connecting parts to the HVAC system. Furthermore, Pace asserts that it is entitled to summary judgment on Hunter Roberts' contractual indemnification claims because the accident did not arise out of the work performed by Pace.

**MS 012**

Defendant Gil-Bar moves for summary judgment dismissing plaintiff's complaint and all cross-claims asserted against it. Gil-Bar, like others, contends that plaintiff is not a member of the class of workers protected under New York Labor Laws, and his claims should therefore be dismissed. Additionally, Gil-Bar argues that claims for common law indemnification and contribution should be dismissed because plaintiff's injuries do not rise to the level of grave injury, a necessary element to recover from an employer. Moreover, Gil-Bar asserts that contractual indemnification clauses with Hunter Roberts were not triggered because Hunter

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 12 of 26**

Roberts acted negligently in its involvement with plaintiff's accident. Finally, Gil-Bar contends that it obtained proper insurance coverage and is not liable for a breach of contract claim.

In opposition, Owner Defendants contend that they are entitled to contractual indemnification from Gil-Bar, citing case law that holds indemnitors responsible when such contractual provisions are triggered.

Also in opposition, plaintiff submits its omnibus affirmation with the same arguments stated above, but with no specific argument pertaining to claims for common law or contractual indemnification asserted against Gil-Bar.

In reply, Gil-Bar repeats that plaintiff is not a member of the class of workers protected by the New York Labor Laws. Additionally, it argues that no party refuted Gil-Bar's contention that plaintiff did not suffer grave injuries. Gil-Bar adds that no evidence was presented that it acted negligently in relation to plaintiff's accident. Furthermore, Gil-Bar contends that the indemnification it had with Hunter Roberts should be governed by the scope of work defined in the contract, and that Gil-Bar, as a retailer providing the HVAC equipment, had no causal connection to plaintiff's accident.

**Discussion**

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id*.). When deciding a summary judgment motion, the court views the alleged facts in the light

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 13 of 26**

13 of 26

most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bonafide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

As an initial matter, the Court finds that NYU Langone, as lessee of the premises, is an appropriate defendant for liability under Labor Law §§ 240(1) and 241(6). "The term 'owner' within the meaning of article 10 of the Labor Law encompasses a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit. The statute may also apply to a lessee, where the lessee has the right or authority to control the work site, even if the lessee did not hire the general contractor" (*Zaher v Shopwell, Inc.*, 18 AD3d 339, 339-40, 795 NYS2d 223 [1st Dept 2005] [internal quotations and citations omitted]).

Here, NYU Langone hired Hunter Roberts (the general contractor) and had a representative who frequented the premises and attended weekly status meetings (NYSCEF Doc. No. 716 Macica Dep. at 15, 18). As a lessee, NYU Langone functioned much the same as the owner of the premises as the construction project was initiated to fit the needs of NYU

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 14 of 26**

Langone's tenancy. Moreover, NYU Langone admitted that it had the authority to cease any work on the premises and that it exercised control over the work (*id.* at 37). The instant record clearly demonstrates that NYU Langone acted as an owner under the Labor Law and is therefore a proper Labor Law defendant.

Hunter Roberts, as general contractor, contracted with the parties that worked on the HVAC and sprinkler system. Hunter Roberts was also responsible for ensuring safety protocols were followed on the premises. Moreover, Hunter Roberts was the supervisor for removal of the fallen sprinkler pipe (NYSCEF Doc. No. 714 Auriemma Dep. at 130). Nondelegable statutory liability lies with the general contractor and owner of a site (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 445 NYS2d 127 [1981]).

Therefore, the branch of Owner Defendant's motion for summary judgment dismissing NYU Langone and Hunter Roberts as improper defendants is denied.

However, the Court severs and dismisses the claims against defendants TACONIC INVESTMENT PARTNERS, LLC, s/h/a TACONIC INVESTMENT PARTNERS, L&M DEVELOPMENT PARTNES, INC., s/h/a L&M DEVELOPMENT PARTNERS, DELANCEY STREET ASSOCIATES and BFC PHASE I DSA, LLC as plaintiff explicitly did not oppose the branches of MS008 seeking dismissal of the claims against these entities (NYSCEF Doc. No. 914 n 3).

**Labor Law § 240(1)**

"Labor Law § 240(1), often called the 'scaffold law,' provides that all contractors and owners . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 15 of 26**

15 of 26

[* 15]

constructed, placed and operated as to give proper protection to construction workers employed on the premises" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500, 601 NYS2d 49 [1993] [internal citations omitted]). "Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*id.* at 501).

Owner Defendants move for summary judgment dismissing plaintiff's claim under Labor Law § 240(1), and while plaintiff did not assert a 240(1) claim against the other moving parties, they similarly move to dismiss this claim. Plaintiff, however, moves for summary judgment on his 240(1) claim. Owner Defendants, Peepels, Pace, and Gil-Bar contend that plaintiff is not a member of the class of workers protected under Labor Law 240(1). This Court agrees.

"[W]hether inspection work falls within the purview of Labor Law § 240 (1) and § 241 (6) 'must be determined on a case-by-case basis, depending on the context of the work' " (*Nelson v Sweet Assoc., Inc.*, 15 AD3d 714, 715 788 NYS2d 705 [2005] [internal quotations and citations omitted]). "An employee will be deemed covered by the statute when the employee performs, for example, inspections that are on-going and contemporaneous with other work on a construction project pursuant to a single contract, other tasks that are enumerated by the statute, and work for a contractor engaged to provide services enumerated by the statute," (*id.*).

Plaintiff was a commissioned salesperson for an equipment company; he was not a trained, licensed engineer there to review technical issues and make necessary repairs. As noted above, his main role was to take a look at the HVAC unit and send pictures to his boss (and the manufacturer) so these decisions makers could approve calling in the startup company. He was

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 16 of 26**

16 of 26

[* 16]

also involved in selling the unit to Peepels, and so Peepels was his customer, and Peepels asked him to attend the meeting.

Plaintiff's boss testified that plaintiff was an "outside salesperson" and that plaintiff got paid solely on commission (NYSCEF Doc. No. 850 at 34, 36). Mr. Sbarra (plaintiff's boss) added that for this particular commission, plaintiff "sold the job" but that there was a consulting engineer from an outside company to select the precise equipment (*id*. at 40-41). When asked whether plaintiff would have played a role in installing a commercial HVAC unit like the one at issue, Mr. Sbarra testified that plaintiff would "never" have done that as he did not have the required expertise (*id*. at 52). He added that plaintiff's job responsibilities did not include water connection issues, the location of the discharge from the unit, or the specific HVAC components (*id*. at 55). Plaintiff's boss emphasized that it was not routine for salesmen to visit the site, but they would go "only if he was asked to go" (*id*. at 57).

And, when the unit was finally ready to be started up, an outside entity would have performed this task rather than plaintiff (*id*. at 86). In other words, plaintiff had no role in actually starting up the HVAC unit and that entire responsibility was given to a completely different entity. Plaintiff even testified that his company does not "physically install" the unit and Gil-Bar's role is mainly to coordinate the startup process (NYSCEF Doc. No. 710 at 104-05).

As the salesperson, plaintiff's company was also the one with the relationship with the manufacturer. To make sure everything was ready before the startup company was called in, plaintiff was there that day to take pictures of the unit in order and send those pictures to the manufacturer; once the manufacturer approved the assembly and installation, plaintiff (or his boss) would arrange for the startup company to perform the start up. It was important make sure

153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC
Motion No.  008 009 010 011 012

Page 17 of 26

that everything was ready for the startup company, including access, to avoid situations where that company is waiting around all day (*id.* at 176-183).

And so, plaintiff's job that day was to take photos to send to the manufacturer and note the unit identification numbers. His task, essentially, was to double check if the HVAC unit was ready to be "started up," meaning final field parts installed and the unit turned on for testing (*id.* at 181).

The above review of the deposition testimony from both plaintiff and his boss makes clear that plaintiff had no active construction role on the day of his accident. He had no responsibility to make any final decisions, repair issues with the unit or even start up the HVAC unit. Plaintiff's central role was, apparently, to act as a conduit for other decision makers by taking photos and attending a meeting so that these decision makers could decide whether or not the unit was ready to be started up. As plaintiff observed, a unit of this size could take days to start up (*id.* at 182).

Therefore, the Court finds that plaintiff is not entitled to the protection of Labor Law § 240(1) as he was not performing the types of tasks that statute is meant to cover. Plaintiff was not licensed, trained, or certified to do anything with the unit except sell it. And so, while his counsel, zealously representing him, attempts to frame plaintiff's job that day as an inspection wherein plaintiff could authorize the startup, that does not comport with the record. This Court is unable to find that plaintiff was performing a task that entitles him to Labor Law protection.

Therefore, plaintiff is denied summary judgment on his 240(1) claim, the branch of Owner Defendant's motion for summary judgment dismissing plaintiff's 240(1) claim is granted and the claim is severed and dismissed.

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 18 of 26**

**Labor Law § 241(6)**

Plaintiff did not oppose the defendants' motions to the extent that they seek dismissal of this claim (NYSCEF Doc. No. 914, n 2).

**Labor Law § 200 and Res Ipsa Loquitur**

Labor Law § 200 "codifies landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY3d 494, 505, 601 NYS2d 49 [1993]). "[R]ecovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation . . . [A]n owner or general contractor should not be held responsible for the negligent acts of others over whom the owner or general contractor had no direction or control" (*id.* [internal quotations and citation omitted]).

"Claims for personal injury under this statute and the common law fall under two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44, 950 NYS2d 35 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.* at 144).

"In a proper case, under the doctrine of res ipsa loquitur, the law allows a jury to consider the circumstantial evidence and infer that the defendant was negligent in some unspecified way," (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 818 NYS2d 792 [2006]). The criteria for res ipsa loquitur are as follows: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 19 of 26**

19 of 26

[* 19]

the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*id*. at 209) (internal quotations and citations omitted).

A representative of defendant Hunter Roberts testified that upon his inspection of the area after plaintiff's accident, he found that at least four hanger rods holding the pipe in place had been cut by other trades in an attempt to install their work (NYSCEF Doc. No. 779 Auriemma Dep. at 58-59). Mr. Auriemma, however, could not identify who cut the hanger rods. Moreover, he testified that the cut rods caused the pipe to fall (*id.* at 53:25-54:3). There is no doubt that there is an issue of fact regarding "who cut the rods." On this record, the Court cannot reach a definitive conclusion about who was responsible for cutting the rods as there are a number of possible defendants that could have cut the hanger rods prior to the accident. A jury will have to decide who they believe and how much they believe; it is not up to the Court to determine credibility on summary judgment.

On the other hand, the fact that there are a number of defendants that could have cut the rods compels this Court to find that res ipsa loquitur is wholly inapplicable to this case as a matter of law (*see Morejon v Rais Constr. Co.*, 7 NY3d 203 [stating that the second element of a successful res ipsa loquitur claim includes exclusive control of the defective instrument]). The rods were not within the exclusive control of just one defendant; more than one defendant worked on projects in the area where the hangar rods were located, including those working on the HVAC unit and the sprinkler system. Because many trades had access to the hangar rods, any claim for res ipsa loquitur must be dismissed.

Therefore, the branches of Owner Defendants', Peepels', Pace's, and Gil-Bar's motions for summary judgment dismissing plaintiff's claim under Labor Law § 200 are denied. The

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 20 of 26**

[* 20]

20 of 26

branches of Owner Defendant's, Peepels', Pace's, and Gil-Bar's motions for summary judgment dismissing plaintiff's claim to the extent is based on res ipsa loquitur is granted.

The Court observes that plaintiff did not oppose the branch of the motion by the Owner Defendants seeking dismissal of the Labor Law § 200 claim as against all defendants except for Hunter Roberts (NYSCEF Doc. No. 914, n 4). That means that plaintiff's claims against NYU Langone are severed and dismissed in their entirety.

**Contractual Indemnification**

"In contractual indemnification, the one seeking indemnity need only establish that it was free from negligence . . . Whether or not the proposed indemnitor was negligent is a non-issue and irrelevant" (*Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65, 693 NYS2d 596 [1st Dept 1999]).

Owner Defendants move for summary judgment on their claims for contractual indemnification asserted against Peepels and Pace. Additionally, Peepels, Pace, and Gil-Bar move to dismiss Owner Defendants' contractual indemnification claims. According to Owner Defendants, the contracts between Hunter Roberts and Pace, and Hunter Roberts and Peepels, require that Pace and Peepels indemnify Owner Defendants. The contracts, which are exact copies of one another, read: "To the fullest extent permitted by law and to the extent no cause in whole or in part by the negligence of a party to be indemnified herein, the Subcontractor shall indemnify, defend, save and hold harmless Hunter Roberts, the Owner and their respective members, partners, parents, affiliates…landlords…tenants…other contractors or subcontractors from and against any and all claims…including without limitation reasonable attorneys' fees,

**153260/2018  LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 21 of 26**

settlement costs or expenses," (NYSCEF Doc. No 29 at 18 ¶ 8.1; NYSCEF Doc. No. 30 at 20 ¶ 8.1).

At this stage of litigation, none of the moving defendants have been able to show that they were free of negligence. Someone cut the hanger rods supporting the sprinkler system and no party can identify who did it. That certainly cannot be determined on a motion for summary judgment. Thus, the branch of Owner Defendants' summary judgment motion for contractual indemnification is denied as premature, and the branches of Peepels', Pace's and Gil-Bar's summary judgment motions to dismiss claims for contractual indemnification are similarly denied as premature.

**Common Law Indemnification**

"Common-law indemnification is predicated on vicarious liability, which necessitates that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefits of the doctrine" (*Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 367 [1st Dept 2006] [internal quotations and citations omitted]). "[I]n the case of common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (*Correia*, 259 AD2d at 65).

Peepels, Pace, and Gil-Bar move to dismiss common law indemnification claims asserted by Owner Defendants. As previously noted, without determining the negligent party, no party can prevail on a claim for common law indemnification. The record shows that the hanger rods supporting the sprinkler system were cut, but the party responsible for cutting the rods cannot be

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 22 of 26**

[* 22]

22 of 26

determined by this Court on a series of summary judgment motions. Thus, the branches of Peepels', Pace's and Gil-Bar's motions for summary dismissing claims for common law indemnification are denied as premature.

**Breach of Contract**

Pace and Gil-Bar move to dismiss the claims for breach of contract by Hunter Roberts for failure to procure insurance. Hunter Roberts offers no opposition to this branch of each parties' motion. Therefore, the branches of Pace and Gil Bar's motions for summary judgment dismissing the claims for breach of contract for failure to procure insurance are granted.

Peepels also moves for summary judgment dismissing the claim by Owner Defendants for breach of contract for failure to procure insurance. Peepels did not attach a copy of the insurance policy, but Owner Defendants admit that their current litigation fees are partly covered by the insurance policy taken out by Peepels. Owner Defendants contend that there are limitations to the scope of coverage procured by Peepels, but nowhere in their response papers do they detail the extent of that coverage or specify how (or if) the coverage does not comply with the contract requirements. Without such detail, no triable issue of fact has been successfully raised. Therefore, the branch of Peepels' motion for summary judgment dismissing the claim by Owner Defendants for breach of contract for failure to procure insurance is granted.

**Conclusion**

This case presents a relatively straight-forward accident with devastating consequences claimed by a visitor to a construction site. There is no dispute that the hanger rods holding up the

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 23 of 26**

23 of 26

[* 23]

iron pipe should not have been cut while there were people below. Unfortunately, six years after the accident, despite investigations and discovery, we still do not know who cut the rods.

Of course, on a motion for summary judgment the Court cannot assess the credibility of witnesses. That is up to the trier of fact. Here, the negligence of any of the parties, namely, who cut the rods and who should have prevented it and/or discovered it before a pipe fell on plaintiff's head, must be left to the trier of fact. Once liability is determined, then the indemnity issues will be clearer.

Owner Defendants also moved to have plaintiff serve an amended complaint reflecting the severed and dismissed claims; that request is denied. The note of issue has been filed and summary judgment motions have been made. No new party has been added. An amended complaint is inappropriate.

Accordingly, it is hereby

ORDERED that the branch of Owner Defendants' motion (MS 008) for summary judgment dismissing claims under Labor Law §§ 240(1) and 241(6) is granted; and it is further

ORDERED that the branch of Owner Defendants' motion (MS 008) dismissing claims under Labor Law § 200 is granted as to all Owner Defendants except Hunter Roberts, and so this claim remains against defendant Hunter-Roberts Construction Group LLC; and it is further

ORDERED that the branch of Owner Defendants' motion (MS 008) dismissing claims under res ipsa loquitur is granted; and it is further

ORDERED that the branch of Owner Defendants' motion (MS 008) for contractual indemnification and common law indemnification is denied as premature; and it is further

ORDERED that the motion by plaintiff (MS009) for summary judgment on his claims under Labor Law §§ 240(1) and 200 is denied; and it is further

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 24 of 26**

24 of 26

[* 24]

ORDERED that the branch of Peepels' motion (MS 010) for summary judgment dismissing the complaint is granted with respect to claims under Labor Law §§ 240(1) and 241(6); and it is further

ORDERED that the branch of Peepels' motion (MS 010) for summary judgment dismissing cross-claims for contractual indemnification and common law indemnification is denied as premature; and it is further

ORDERED that the branch of Peepels' motion (MS 010) to dismiss Owner Defendants' claim for breach of contract for failure to procure insurance is granted; and it is further

ORDERED that the branch of Peepels' motion (MS 010) to dismiss claims under Labor Law § 200 is denied; and it is further

ORDERED that the branch of Peepels' motion (MS 010) to dismiss claims under res ipsa loquitur is granted; and it is further

ORDERED that the branch of Pace's motion (MS 011) for summary judgment dismissing plaintiff's claims under Labor Law §§ 240(1) and 241(6) is granted; and it is further

ORDERED that the branch of Pace's motion (MS 011) for summary judgment dismissing cross-claims for contractual indemnification, common law indemnification and contribution is denied as premature; and it is further

ORDERED that the branch of Pace's motion (MS 011) to dismiss claims under Labor Law § 200 is denied; and it is further

ORDERED that the branch of Pace's motion (MS 011) to dismiss claims under res ipsa loquitur is granted; and it is further

ORDERED that the branch of Pace's motion (MS 011) for summary judgment dismissing the claim for breach of contract for failure to procure insurance is granted; and it is further

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 25 of 26**

25 of 26

[* 25]

ORDERED that the branch of Gil-Bar's motion (MS 012) for summary judgment dismissing plaintiff's complaint with respect to claims under Labor Law §§ 240(1) and 241(6) is granted; and it is further

ORDERED that the branch of Gil-Bar's motion (MS 012) for summary judgment dismissing the claim for breach of contract for failure to procure insurance is granted; and it is further

ORDERED that the branch of Gil-Bar's motion (MS 012) for summary judgment dismissing cross-claims for contractual indemnification, common law indemnification and contribution is denied as premature; and it is further

ORDERED that the branch of Gil-Bar's motion (MS 012) for summary judgment dismissing plaintiff's complaint with regard to his claim under Labor Law § 241(6) is granted.

| 8/20/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153260/2018   LARDIERE, ROSARIO vs. SITE 6 DSA OWNER LLC**
**Motion No.  008 009 010 011 012**

**Page 26 of 26**

26 of 26

[* 26]